FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SEP 28 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ABDOLREZA BAHRAMI; HOMA BAHRAMI, <br><br> Petitioners, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 07-71556 <br><br> Agency Nos. A075-674-919 <br> A075-674-920 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 13, 2010[**]

Before:    SILVERMAN, CALLAHAN, and N.R. SMITH, Circuit Judges.

Abdolreza Bahrami and Homa Bahrami, natives of Iran and citizens of

France, petition for review from the Board of Immigration Appeals' ("BIA") order

denying their motion to remand and dismissing their appeal from an immigration

judge's ("IJ") decision denying their application for asylum, withholding of

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

removal, and protection under the Convention Against Torture ("CAT"). Our

jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the

denial of a motion to remand. *Malhi v. INS*, 336 F.3d 989, 993 (9th Cir. 2003).

We review de novo claims of due process violations. *Colmenar v. INS*, 210 F.3d

967, 971 (9th Cir. 2000). We dismiss in part and deny in part the petition for

review.

We lack jurisdiction to review petitioners' unexhausted claim that they

qualify for adjustment of status. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th

Cir. 2004).

The BIA did not abuse its discretion in denying petitioners' motion to

remand because the new evidence they submitted regarding riots in France did not

establish that they were prima facie eligible for asylum, withholding of removal or

CAT relief. *See Malhi*, 336 F.3d at 994. In particular, the evidence of the riots, in

conjunction with the prior evidence considered by the IJ, did not establish an

objective basis for petitioners' fear that the government would be unable or

unwilling to control persecution by Iranian agents or skinheads, *see Nahrvani v.*

*Gonzales*, 399 F.3d 1148, 1154 (9th Cir. 2005), and petitioners were never

"specifically targeted for persecution" by the rioters, *see Lolong v. Gonzales*, 484

F.3d 1173, 1181 (9th Cir. 2007) (en banc). Moreover, petitioners did not show that

government officials would "aid or acquiesce" in any torture. *See Wakkary v. Holder*, 558 F.3d 1049, 1068 (9th Cir. 2009).

Petitioners' due process contention based upon translation error fails because petitioners have not demonstrated prejudice from any errors. *See Cheo v. INS*, 162 F.3d 1227, 1230 (9th Cir. 1998) (concluding that translator error did not influence the outcome where there was "no claim of additional evidence that was not heard because of translator error"); *see also Perez-Lastor v. INS*, 208 F.3d 773, 780 n.8 (9th Cir. 2000) ("petitioner can prove prejudice by showing either that he did not understand the questions . . . or that his answers to the questions were not translated correctly").

Petitioners' contention that their due process rights were violated because the IJ was biased and abandoned his role as a neutral factfinder is belied by the record.

Finally, petitioners' contention that the IJ's adverse credibility finding was improper lacks merit because the IJ did not set forth an adverse credibility finding.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

07-71556